IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01820-PSF-MJW

EDWARD WEDELSTEDT,

    Plaintiff,

v.

THE LAW OFFICES OF GOLDSTEIN, GOLDSTEIN AND HILLEY;
GERALD H. GOLDSTEIN, an individual; and
DOES 1-3,

    Defendants.

## ORDER ON MOTION TO DISMISS OR TRANSFER VENUE

This matter is before the Court on Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. §§ 1404 or 1406 (Dkt. # 13), on November 14, 2005. A hearing on this matter was held before this Court on January 20, 2006. The motion is fully briefed and ripe for decision.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Edward Wedelstedt filed a Complaint on September 20, 2005 (Dkt. # 1), against the defendant law firm Goldstein, Goldstein and Hilley ("GGH"), Mr. Gerald Goldstein individually, and Does 1-3, who are "potential additional defendants including, but not limited to, other partners/members/agents of GGH and Goldstein and/or third parties who have liability to the Plaintiff and whose identities are anticipated to be more accurately discerned through the process of litigation and who will be named more specifically as parties when appropriate." Compl. at 2, ¶ 6. The

Complaint asserts diversity jurisdiction and that venue is proper pursuant to 28 U.S.C. § 1391 "in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district." *Id.*, ¶ 8

Mr. Wedelstedt is the Chief Executive Officer of Goalie Holdings, Inc., a Colorado corporation that operates adult entertainment businesses around the country. Sometime in 2000, governmental agencies began investigating Goalie and its related entities for tax violations, among other things. An indictment was handed down in March 2005, including obscenity, RICO, and tax fraud charges, and Mr. Wedelstedt has since pled guilty as part of a plea negotiation.

Mr. Wedelstedt sought legal counsel from the State of Texas, as the investigation began there and the indictments were issued under the auspices of the United States District Court for the Northern District of Texas. After a meeting in Denver, Colorado, plaintiff hired Defendants Goldstein and GGH to represent him in connection with the Grand Jury investigation for a lump sum fee of $600,000 plus reasonable out of pocket expenses. Eventually, he paid GGH and Goldstein approximately $1.1 million including the lump sum payment for legal services.

Mr. Wedelstedt now challenges the compensation he paid for the legal services provided by defendants, claiming that 1) the non-refundable flat fee is an improper fee agreement in Colorado; 2) defendants overcharged and failed to provide services warranting their billings, in breach of the agreement between attorney and client; 3) defendants have failed to meaningfully provide an accounting of time charges by separate category of work. Mr. Wedelstedt brings a breach of contract claim, a claim for breach of covenant of good faith and fair dealing, a willful and wanton breach of

contract claim, a promissory estoppel claim, an unjust enrichment claim, and a fraud in the inducement claim (as related to the allegedly impermissible fee arrangement).

On November 14, 2005, defendants filed their Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue (Dkt. # 13). Plaintiff requested an extension of time to respond (Dkt. # 14), which was granted in part on December 6, 2005. Defendants then requested an Expedited Hearing on the Motion to Dismiss or Transfer, noting their concern that factual disputes would require the plaintiff's testimony, who was scheduled to surrender to a Federal Correctional Facility in April 2006 to begin serving a sentence following his plea agreement in the underlying criminal case. The motion was granted, and a hearing was held on January 20, 2006.

Plaintiff filed his Response on January 5, 2006 (Dkt. # 23), and defendants filed a Reply on January 13, 2006 (Dkt. # 28). Following the hearing and pursuant to the Court's request, plaintiff and defendants also filed supplemental briefs on venue provision 28 U.S.C. § 1391(a)(1) (Dkts. ## 35 and 34, respectively).

## II.     ANALYSIS

Defendants argue that venue is improper under 28 U.S.C. § 1391 and the case should be dismissed pursuant to F.R.Civ.P. 12(b)(3);[1] or dismissed or transferred pursuant to 28 U.S.C. § 1406(a); or transferred because of convenience pursuant to 28 U.S.C. § 1404(a). Title 28 U.S.C. § 1391(a)(2) dictates proper venue in a diversity case as one in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

---

[1] Although they urge dismissal, defendants "concede that an equally proper alternative for this Court is to order transfer to the Western District of Texas." Mot. at 15.

3

situated," and is the venue provision relied on by plaintiff in his Complaint. Section 1406(a) provides for dismissal or transfer when venue is improper.

Defendants in their Motion to Dismiss or Transfer emphasize that this case involves a Texas lawyer hired to represent the plaintiff in a Texas criminal investigation. Defendants say they believed that plaintiff "was a California resident from some time in 1999 until sometime in 2004, when he moved to Colorado." Mot. at 2, n.1. (Defendants later maintain that "at the very least, [plaintiff] returned the executed Fee Agreement from California." *Id.* at 5.) Although negotiations for the fee agreement took place in Colorado, the agreement was entered into after those negotiations. According to defendants, all the acts or omissions alleged in plaintiff's complaint occurred in Texas. Defendants claim that the case is filed here only to take advantage of Colorado's more stringent rules on attorney fee agreements. Further, the fee agreement at issue was allegedly negotiated by Mr. Wedelstedt's Colorado attorney, C. Garold Sims, who "acted as if Texas law applied to the Fee Agreement." *Id.* at 11.

Defendants allege that at a January 2001 meeting in Colorado, attorneys from GGH discussed with Mr. Sims, plaintiff's Colorado attorney, the acceptability of a nonrefundable flat fee agreement under Texas law. Numerous Texas witnesses were interviewed during defendants' representation of plaintiff, and extensive research was conducted into Texas community standards on pornography and obscenity. The fee agreement itself, sent to Mr. Wedelstedt at a Colorado address, states that it is for legal representation for a "Grand Jury Investigation Concerning Goalie Entertainment, Inc. [Eddie Wedelstedt]." Fee Agr. at 1, attached as Ex. 8 to Pl.'s Resp.

4

In response, plaintiff notes that Mr. Goldstein, characterized by defendants as a Texas attorney, is also a licensed and practicing Colorado attorney who has entered his appearance, along with the defendant law firm, GGH, as local counsel in Colorado courts, listing an Aspen, Colorado phone number. Resp. at 14-15, ¶ 32. Mr. Goldstein specifically traveled to Colorado to solicit plaintiff's business, where the aspects of the representation were negotiated. *Id.* at 15-16, ¶ 34. The defendants "had a myriad of communications . . . in Colorado, including multiple personal visits." *Id.* at 16, ¶ 36. "Importantly," plaintiff contends that GGH and Mr. Goldstein made representations and promises in Colorado relating to payments that plaintiff understood to be for expenses, that defendants later allegedly converted to fees. *Id.* at 17, ¶ 37.

### A. Dismissal or Transfer Under 28 U.S.C. § 1406(a)

#### 1. Venue Pursuant to 28 U.S.C. § 1391(a)(2)

Once venue is challenged, the burden is on the plaintiff to show proper venue. *See e.g. Ervin and Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996). An unpublished Tenth Circuit decision has noted that the proper focus in determining what events and omissions give rise to a claim should be on the activities of the defendant, not the plaintiff. *Goff v. Hackett Stone Co.*, 185 F.3d 874 at *1 (Table), 1999 WL 397409 (10th Cir., June 17, 1999) (venue statutes designed for benefit of defendants, and focus is on relevant activities of defendants, not plaintiff) (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). However, other non-binding case law undermines defendants' contention that it is only the activities of the defendant that are important in a venue analysis under § 1391(a)(2). *See Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 43 (1st Cir. 2001) (acknowledging "Congress's

5

recognition that when the events underlying a claim have taken place in different places, venue may be proper in any number of districts. . . . [Courts] look . . . not to a single "triggering event" prompting the action, but to the entire sequence of events underlying the claim," including acts of plaintiff, also citing to an Eighth Circuit case). Plaintiff contends that under this analysis, because "the ultimate promises and alleged breaches and wrongful inducements all occurred in the State of Colorado," Resp. at 19, venue is proper here.  Payments to and representations by the defendants all occurred in Colorado or in communications to Colorado.  *Id.* at 20; *see also Qwest Communications Intern., Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1206 (D. Colo. 1999) (relevant events occurred outside Colorado, but "ultimate event" spawning litigation–a decision by plaintiff that defendant was not entitled to stock options–occurred in Colorado; this in addition to correspondence between defendant and plaintiff's officials in Colorado was sufficient to support venue under § 1391(a)(2), substantial part of events giving rise to claim).

In any event, even if only defendants' conduct is considered, venue in this district is proper.  Although substantial events giving rise to this claim also occurred in Texas, sufficient events occurred in Colorado to meet the requirements of § 1391(a)(2). Specifically, plaintiff's case arises from a relationship between Mr. Goldstein, licensed to practice law in the state of Colorado, and the plaintiff himself, a Colorado resident. The January 2001 visit to Colorado by Mr. Goldstein to solicit Mr. Wedelstedt's business and the later communications to Colorado relating to the disputed payments as fees or as expenses are in some measure "ultimate events" that support venue in Colorado.  *See Qwest Communications Intern., Inc.*, 52 F. Supp. at 1206.  Moreover,

6

nothing in the fee agreement limits defendants' performance to Texas or contains a forum selection clause favoring Texas in the event of a dispute.

While this Court makes no determination as to whether Colorado or Texas law applies, a lawyer owes a fiduciary duty to the client for an accurate accounting of fees and costs incurred.  *See e.g.* Restatement (Third) of Law Governing Lawyers § 44(2) (1998).  It appears here that such a proper accounting should have been sent to plaintiff or his counsel who made such a demand, both of whom have Colorado addresses.  *See* Borenstein Letter, attached as Ex. B to Compl. (demanding an accounting and reflecting an Aurora, Colorado address); Goldstein Letter, attached as Ex. A to Compl. (reflecting a Denver, Colorado address for Mr. Wedelstedt).  An accurate and truthful accounting, which should have been sent to plaintiff or his counsel in Colorado, allegedly was not.  Plaintiff has thus shown alleged unfulfilled duties by a Colorado lawyer owing to his Colorado client in his home state.  Under these circumstances, substantial events and alleged substantial omissions occurred in this district, thereby fulfilling the § 1391(a)(2) venue requirement for adjudicating this dispute in this district.

### 2.  Venue Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c)

Plaintiff also alleges that venue is proper under § 1391(c), which states that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See* Resp. at 17, ¶ 39.  However, as defendants correctly note, § 1391(c) is "simply definitional," Reply at 10, serving to define residency for a defendant corporation, but not establishing proper venue in a diversity case.  Only § 1391(a) does that.

There is no dispute that defendant GGH is subject to personal jurisdiction here under a minimum contacts analysis. Under the plain language of the venue statute, then, venue may be found in Colorado pursuant to § 1391(a)(1)–a judicial district where any defendant resides, if all defendants reside in the same state. All defendants reside in Texas, and at least one defendant–GGH–also resides in Colorado pursuant to § 1391(c). However, such a construction–that residency under § 1391(c) plus § 1391(a) can lead to proper venue–has been rejected by several courts who have considered the issue. *See e.g. Dashman v. Peter Letterese & Assoc., Inc.*, 999 F. Supp. 553, 554-55 (S.D.N.Y. 1998) (rejecting attempt by plaintiff to bring suit in New York against two defendants who both resided in Florida on the basis that the corporate defendant also resided in New York under § 1391(c); "the language of § 1391(a)(1) contemplates venue in a judicial district *within the state* in which all defendants reside") (emphasis added); *see also* Siegel, "What Statutory Drafting Errors Teach Us About Statutory Interpretation," 69 Geo. Wash. L. Rev. 309 (2001) (describing the possible construction of § 1391(a)(1) plus § 1391(c) to establish venue in a state other than where all defendants reside as "largely unrecognized error"). Based on the Court's determination that venue is proper under § 1391(a)(2), a determination construing § 1391(a)(1) in these circumstances is unnecessary.

### B.   Transfer Under 28 U.S.C. § 1404(a)

As the Court has found venue proper under § 1391(a), defendants ask that the case be transferred to Texas pursuant to 28 U.S.C. § 1404(a) for convenience of the parties and witnesses and in the interests of justice. Defendants correctly acknowledge that they bear the burden of showing that the Colorado forum is inconvenient. Mot. at 9

(citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).  This decision is within the sound discretion of the trial judge.  *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

The Tenth Circuit has set out the following factors to consider under § 1404(a): 1) plaintiff's choice of forum; 2) accessibility of witnesses and other proof sources; 3) cost of making necessary proof; 4) questions as to enforceability of judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties from congested dockets; 7) possibility of conflict of laws questions; 8) the advantage of having a local court determine questions of local law; and 9) other practical considerations that make a trial easy, expeditious and economical.  *Chrysler*, 928 F.2d at 1516.

Defendants have not met their burden of showing that under these factors Colorado is an inconvenient forum.  Several of the witnesses are located in Colorado, including the plaintiff and his legal representatives who negotiated and worked with defendants.  Mr. Goldstein himself is a licensed Colorado attorney with an Aspen, Colorado residence.   In light of the Tenth Circuit's pronouncement that "unless the balance is strongly in favor of the movant the [resident] plaintiff's choice of forum should rarely be disturbed," *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992), the Court in the exercise of its discretion declines to transfer this case pursuant to § 1404(a).

## III.     CONCLUSION

Because subject matter jurisdiction over Mr. Wedelstedt's action is founded solely on diversity, 28 U.S.C. § 1391(a) governs venue over this case.  Subsection (a)(2) allows venue in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred."  Although a substantial part of the events may have occurred in Texas, the Court finds that substantial events involving defendants and alleged omissions of defendants occurred in Colorado, meeting the requirements for venue.  The Court also finds that the convenience of the parties and witnesses and the interests of justice do not warrant a transfer under 28 U.S.C. § 1404(a).  Therefore, defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. §§ 1404 or 1406 (Dkt. # 13) is DENIED.

DATED: January 31, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge