IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01820-PSF-MJW

EDWARD WEDELSTEDT,

Plaintiff(s),

v.

THE LAW OFFICES OF GOLDSTEIN, et al.,

Defendant(s).

---

**ORDER REGARDING:
(1) PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' CONDITIONAL
DESIGNATION OF NON-PARTY TORTFEASORS (DOCKET NO. 24)
AND
(2) DEFENDANTS' MOTION FOR EXTENSION OF TIME TO DESIGNATE
ADDITIONAL NON-PARTY TORTFEASORS (DOCKET NO. 20)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on February 2, 2006, for hearing on Plaintiff's Motion to Strike Defendants' Conditional Designation of Non-Party Tortfeasors (docket no. 24) and Defendants' Motion for Extension of Time to Designate Additional Non-Party Tortfeasors (docket no. 20). The court has reviewed the motions and the responses thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In this case, the Plaintiff's Complaint contains the following six (6) claims for relief. The claims are for: (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Willful and Wanton Breach of Contract; (4) Promissory Estoppel; (5) Unjust Enrichment; and (6) Fraud in the Inducement.

The court finds that Plaintiff's claims for Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Willful and Wanton Breach of Contract, Promissory Estoppel, and Unjust Enrichment sound in contract, and therefore § 13-21-111.5, C.R.S., does not apply to these claims. <u>Loughridge v. Goodyear Tire & Rubber Co.</u>, 207 F. Supp.2d 1187 (D. Colo. 2002); <u>Slack v. Farmers Ins. Exch.</u>, 5 P.3d 280, 282 (Colo. 2000). As to Plaintiff's claim for Fraud in the Inducement, this court finds that this claim sounds in tort, and therefore § 13-21-111.5, C.R.S., is applicable to this claim. Lastly, this court finds that Defendants have demonstrated good cause to extend the time to designate additional non-party tortfeasors.

## ORDER

Based upon these findings of fact and conclusions of law, the court ORDERS:

1. That Plaintiff's Motion to Strike Defendants' Conditional Designation of Non-Party Tortfeasors (docket no. 24) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to Plaintiff's claims for Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Willful and Wanton Breach of Contract, Promissory Estoppel, and Unjust Enrichment. The motion is DENIED as to Plaintiff's claim for Fraud in the Inducement.

2. That Defendants' Motion for Extension of Time to Designate Additional Non-Party Tortfeasors (docket no. 20) is GRANTED. The Defendants shall have up to and including June 12, 2006, to designate additional non-party tortfeasors.

3. That the Rule 16 Scheduling Conference is set before Magistrate Judge Watanabe on March 14, 2006, at 1:30 p.m.  The parties shall submit their proposed Rule 16 Scheduling Order to Magistrate Judge Watanabe five (5) days prior to the Scheduling Conference consistent with this court's e-filing requirements.

4. That each party shall pay their own attorney fees and costs for these motions.

Done this 6th day of February, 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge